NOT FOR PUBLICATION                                           (Docket No. 30)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

```
_____
                               :
HSING-CHOW HWANG,              :
                               :
            Plaintiff,         :   Civil No. 04-1663 (RBK)
       v.                      :   OPINION
                               :
UNITED STATES DEPARTMENT OF    :
DEFENSE, HEAD,                 :
                               :
            Defendant.         :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court on motion for reconsideration by Plaintiff Hsing-Chow Hwang ("Plaintiff") of this Court's Opinion and Order of April 25, 2006 ("April Opinion"), granting summary judgment to Defendant Donald Rumsfeld, Secretary of the United States Department of Defense, captioned as "Head, United States Department of Defense" ("Defendant"), and denying Summary Judgment to Plaintiff. For the reasons set forth below, Plaintiff's motion for reconsideration shall be denied.

**I.    Background[1]**

---

[1] Because the parties are now intimately familiar with the factual and procedural history of this litigation, the background will not be set forth at length except as necessary for disposition of Plaintiff's motion for reconsideration. The Court hereby incorporates the statement of facts set forth in its April Opinion.

Defendant terminated Plaintiff from his position as a GS-12 Electronics engineer at the Naval Air Warfare Center, Aircraft Division, in Lakehurst, New Jersey, on December 6, 2002, ostensibly because he lacked the requisite security clearance. Plaintiff appealed his dismissal to the Merit Systems Protection Board ("MSPB") on January 2, 2003. The MSPB affirmed Defendant's decision to terminate Plaintiff both initially and upon review, concluding that Plaintiff's engineering position did indeed require security clearance Plaintiff lacked. (MSPB Initial Decision, Noble Cert., filed Nov. 7, 2005, Ex. B., at 5.)

On May 11, 2004, Plaintiff filed the above-captioned suit in this Court, followed by an Amended Complaint on August 30, 2005, alleging wrongful termination and failure to promote on the basis of his race and age. Defendant moved for summary judgment on November 25, 2005, and Plaintiff cross moved for summary judgment of three claims: wrongful termination, failure to promote, and failure to reinstate his employment. After considering the parties' arguments, this Court granted Defendant's motion for summary judgment, terminating the litigation on April 25, 2006.

As detailed in its April Opinion, the Court found Defendant entitled to summary judgment for Plaintiff's failure to exhaust administrative remedies and for Plaintiff's failure to produce any evidence refuting Defendant's evidence of a legitimate, nondiscriminatory basis for Plaintiff's dismissal.

More specifically, the Court concluded that Plaintiff presented only his wrongful termination claim to the MSPB, neglecting to allege either a failure to promote or to reinstate during the administrative process. Despite Plaintiff's arguments to the contrary, Plaintiff's administrative filings mention promotion and reinstatement only in passing, in a form and context that "could not reasonably have been expected to lead to an investigation of" these allegations. <u>Shaver v. Corry Heibert Corp.</u>, 936 F. Supp. 313, 319 (W.D. Pa. 1996). Moreover, Plaintiff had not alleged failure to reinstate in either his Complaint or Amended Complaint and could not present such a claim for the first time in a cross motion for summary judgment.

With regard to Plaintiff's wrongful termination claim, the Court concluded that Defendant presented evidence establishing that Plaintiff's ineligibility for security clearance was the sole basis for his termination. In particular, affidavits by Frederick A. Kuster, the Director of Research and Engineering at Lakehurst, and Donald S. Young, the Director of Systems Engingeering, attested that all Lakehurst engineers were required to maintain eligibility for clearance. (Opinion, Apr. 25, 2006, at 15.) Plaintiff, on the other hand, provided no evidence suggesting that security clearance was mere pretext for an unlawfully discriminatory termination.

Plaintiff filed the present motion for reconsideration on

May 4, 2006, and Defendant has not opposed.

**II.  Standard**

Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from a final judgment, order, or proceeding for various reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); [and] (3) fraud." Fed. R. Civ. P. 60(b)(1)-(3). In the absence of a situation specified in Rule 60(b)(1) through (5), Rule 60(b)(6) provides a catchall, addressing "any other reason justifying relief," where the petitioner can present "something new or something overlooked by the court in rendering the earlier decision." Chiniewicz v. Henderson, 202 F. Supp. 2d 332, 334 (D.N.J. 2002) (citing Hernandez v. Beeler, 129 F. Supp. 2d 698, 701 (D.N.J. 2001) (citations omitted). Although Plaintiff does not clarify which subsection he believes applicable, his motion is most appropriately considered pursuant to Rule 60(b)(6).

Regardless of the subsection at issue, a motion for reconsideration is not an opportunity for an aggrieved party "to introduce legal theories that [it] failed to include in its initial motion." Id. Rather, "where evidence is not newly discovered or there exist [ ] no manifest errors of law, the motion for reconsideration must be denied because a motion for

4

reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion." Id. (quoting Hunterson v. DiSabato, 137 F. Supp. 2d 529, 549 (D.N.J. 1998).

### III. Analysis

Plaintiff requests reconsideration on numerous grounds.[2] In particular, Plaintiff argues that:

(1) The Court's April Opinion failed to mention Plaintiff's letter brief of December 30, 2005, which was "not docketed for [an] unknown reason," (Pl. Mot. Recon. at 1);

(2) Plaintiff did administratively present his claim for failure to reinstate, since Paragraph 29 of his "MSPB appeal form signed on January 2, 2003," stated "Reinstatement to my official duty position with all lost backpay," (Pl. Mot. Recon. at 2);

(3) The Court should consider Plaintiff's claim for failure to reinstate, regardless of whether Plaintiff alleged the claim in his Complaint or Amended Complaint, because "all those claims were raised in the administrative process as well as in the subject case proceedings," (Pl. Mot. Recon. at 2); and, lastly,

(4) Plaintiff's opposition and cross motion for summary judgment did indeed present evidence establishing that Defendant

---

[2] Plaintiff also requests reconsideration of his motion for summary judgment. However, because the Court granted summary judgment to Defendant and now denies Plaintiff's motion for reconsideration of that decision, Plaintiff's motion for reconsideration of his own motion for summary judgment is moot.

retained other similarly situated employees who also lacked security clearance, in the form of "a fact statement cosigned by the agency's representative on April 3, 2003 that reads: 'At the time of appellant's removal, there were eight like engineers who were performing their Professional Series Graded duties at NAWWCAD Lakehurst who did not have an active security clearance,'" provided as Exhibit E to Plaintiff's Certification of August 11, 2004, (Pl. Mot. Recon. at 2-3).

The bulk of Plaintiff's motion is a recapitulation of contentions set forth in his original opposition and cross motion or arguments more appropriately raised at the time of Plaintiff's initial opposition. Although unclear whether the Court considered Plaintiff's letter brief, dated December 30, 2005, since the letter is not noted on the docket, the brief contains neither argument nor evidence adequate to influence the outcome of the initial motion. For example, while the brief contends that Plaintiff presented "reinstatement and promotion issues" to the MSPB, it presents no support for this assertion. (Pl. Mot. Recon., Ex. X, at 2.) Similarly, while the brief claims that "plaintiff's pleadings and submissions have clearly identified that defendant's adverse action against plaintiff was using security clearance issue as a pretext," it neither cited nor contained evidence confirming this assertion. (Pl. Mot. Recon., Ex. X, at 2.) Consequently, any failure to consider Plaintiff's

submission had no bearing on the disposition of his case or the outcome of the cross motions for summary judgment.

Plaintiff's contention that his January 2, 2003, MSPB appeal form administratively presented his reinstatement claim is also untenable, for reasons already set forth in this Court's initial Opinion of April 25, 2006.[3] The mention of "reinstatement" at issue occurs in the context of Plaintiff's response to form question 29, namely, "What action would you like the Board to take in this case (i.e., what remedy are you asking for)?" (Noble Cert., filed Nov. 7, 2005, at A.) As this Court noted previously, requesting reinstatement in such a context does not indicate "that Plaintiff wished to bring a legal claim for the failure to reinstate him." See, e.g., Shaver v. Corry Heibert Corp., 936 F. Supp. 313, 319 (W.D. Pa. 1996) (merely mentioning defendant's failure to rehire or transfer insufficient to compensate for lack of 'express allegation of an improper failure' by defendants)." (Opinion, Apr. 25, 2006, at 11.) Accordingly, it cannot be said that Plaintiff raised his reinstatement claim before the MSPB, and Plaintiff therefore failed to exhaust administrative remedies with regard to this claim.

Finally, Plaintiff contends that the Court overlooked

---

[3] Because the Court now affirms its prior conclusion that Plaintiff failed to administratively exhaust his claim for failure to reinstate, the Court will not address Plaintiff's arguments that this claim should be considered despite its absence from the Complaint.

evidence in the record indicating that Defendant permitted eight similarly situated engineers to retain their employment, despite their lack of security clearance. Plaintiff's "new" evidence consists of a document entitled "Agreed Upon Material Facts, additional material facts submitted by appellant to be included with the list of agreed upon material facts." (Pl. Cert., filed Aug. 11, 2004, Ex. E.) Fact 5 of this document provides: "At the time of appellant's removal, there were eight like engineers who were performing their Professional Series Graded duties at NAWCAD Lakehurst who did not have an active security clearance." (Pl. Cert., filed Aug. 11, 2004, Ex. E.) The document was signed by Plaintiff and "Timothy Lasko," designated as "Agency's Representative" on April 3, 2003. (Pl. Cert., filed Aug. 11, 2004, Ex. E.)

As an initial matter, it is not evident to this Court what this document purports to be, and it is equally unclear whether Agency Representative Timothy Lasko's signature should be construed as an acceptance of or stipulation to the statement of facts therein. More significantly, however, the document is appended as Exhibit E to Plaintiff's opposition to Defendant's prior motion to dismiss, filed August 11, 2004, well over a year before the parties filed the cross motions for summary judgment presently at issue. Plaintiff did not cite to this document in his opposition to Defendant's motion for summary judgment, nor he

cite any other evidence in the record establishing that Defendant retained other engineers without security clearance.

A motion for reconsideration is not an opportunity to proffer evidence that should have been presented to the Court in the original briefing. T.H. ex rel. A.H. v. Clinton Twp. Bd. of Educ., 2006 WL 1722600, *1 (D.N.J. 2006) ("Re-argument is not a means by which to obtain a 'proverbial second bite of the apple.'") (quoting Kwasnik v. Leblon, 2005 WL 2901898, *2 (D.N.J. Oct. 31, 2005)). In this instance, Plaintiff could have, but did not, bring this document to the Court's attention during the disposition of the cross-motion for summary judgment. Accordingly, the Court may not reconsider its opinion on the basis of this evidence.

Plaintiff's motion has not set forth anything new or overlooked sufficient to justify vacating this Court's prior Order. T.H. ex rel. A.H., 2006 WL 1722600, *1 ("[A] court will reconsider its previous rulings only where convinced that germane information was initially overlooked."). Accordingly, Plaintiff's motion for reconsideration shall be denied.

The accompanying Order shall issue today.

Dated: July 21, 2006       S/Robert B. Kugler
                           ROBERT B. KUGLER
                           United States District Judge